IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEONI R. JAENTSCH, #A1019833, | ) | CIV. NO. 1:19-cv-00034 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| vs. | ) | |
| | ) | |
| PATTIE ANN K. PUHA, RAQUEL | ) | |
| TAGUCHI, YUMI SUZUKI, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

Pro se Plaintiff Keoni R. Jaentsch is incarcerated at the Halawa Correctional Facility (HCF) and is proceeding in forma pauperis. *See* ECF No. 5. Jaentsch brings this action pursuant to 42 U.S.C. § 1983. He alleges Pattie Ann K. Puha, Raquel Taguchi, and Yumi Suzuki (collectively, Defendants) violated his civil rights and state criminal statutes when Puha and Taguchi entered his property without his permission between April 16-20, 2017, while he was incarcerated at the Oahu Community Correctional Center (OCCC).

For the following reasons, Jaentsch's Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a), with leave granted to amend as limited below.

# I. STATUTORY SCREENING

The Court is required to conduct a pre-Answer screening in all prisoner actions pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The Court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (screening under § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (screening under § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" does not meet this plausibility

standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If a claim or complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND

Jaentsch states that Puha, who is named in her individual capacity only, entered his home several times between April 16 and 20, 2017, and "stole items without my permission or consent" while he was incarcerated at OCCC. Compl., ECF No. 1, PageID #5. He alleges this violated the Fourth Amendment's prohibition against illegal search and seizure and Hawai'i Revised Statutes (HRS) §§ 708-810, 708-812, 708-813, and 708-814.[1]

---

[1] HRS § 708-810 defines "Burglary in the first degree;" § 708-812 defines "Possession of burglar's tools;" and §§ 708-813 & 708-814 define "Criminal trespass" in the first and second degrees, respectively.

In Counts II and III, Jaentsch alleges that Puha allowed Taguchi, a State of Hawaii Department of Human Services ("DHS") social worker, to enter his "home/property" without his consent on April 19, 2017, while he was incarcerated at OCCC. *Id.*, PageID #2. Jaentsch alleges that Taguchi's DHS supervisor, Suzuki, also authorized Taguchi to enter Jaentsch's property. Jaentsch provides no further context to this claim. He alleges Taguchi and Suzuki violated the Fourth Amendment's prohibition against illegal search and seizure and the Fourteenth Amendment's Equal Protection Clause. He further alleges Taguchi violated HRS §§ 708-811 & 708-814.[2]

Jaentsch raised identical claims against Puha, Taguchi, and Suzuki in an earlier filed federal action, *Jaentsch v. Puha, et al.*, No. 1:18-cv-00073 HG-KSC (D. Haw. 2018).[3] United States District Judge Helen Gillmor dismissed that action on October 15, 2018, for Jaentsch's failure to serve or respond to court orders. *See id.*, Orders, ECF Nos. 17, 18, 21. The only significant difference between the pleadings in these two cases is that in No. 1:18-cv-00073, Jaenstch identified Taguchi and Suzuki as DHS Child Welfare Services officers; he omits that information from the present Complaint.

---

[2] HRS § 708-811 defines "Burglary in the second degree."

[3] *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (stating a court "'may take notice of proceedings in other courts" if they are directly related to matters at issue).

Jaentsch seeks compensatory and punitive damages for his mental and emotional injuries and any declaratory and injunctive relief to which he is entitled.

### III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and set forth an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Eleventh Amendment Immunity**

Jaentsch names Taguchi and Suzuki in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D.

5

Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

Jaentsch does not allege an ongoing constitutional violation or raise any colorable claims for prospective declaratory or injunctive relief. Claims for injunctive relief and for damages against Taguchi and Suzuki as named in their official capacities are DISMISSED with prejudice.

**B.     Claims Raised Under Hawai'i's Criminal Statutes Are Dismissed**

As Judge Helen Gillmor carefully explained to Jaentsch twice in No. 1:18-cv-00073,[4] as a private citizen he lacks authority to bring criminal charges under Hawai'i's criminal statutes against Puha and Taguchi. *See Kapu v. Attorney Gen. Hawaii*, 2017 WL 4479252, at *5 (D. Haw. Oct. 6, 2017) (private individuals have no authority to issue a criminal indictment for any criminal statute); *Coryell v. Oakley*, 2018 WL 805663, at *2 (E.D. Cal. Feb. 9, 2018); *Retanan v. Cal. Dep't of Corr. & Rehab.*, 2012 WL 1833888, at *5 (E.D. Cal. May 18, 2012) (stating, "it is well-established that a private individual has no constitutional right and standing to

---

[4] *See* No. 1:18-cv-00073, Order Dismissing Complaint, ECF No. 5, and Order Dismissing Amended Complaint in Part, ECF No. 11 (dismissing claims under HRS §§ 708-810 to 708-814, with prejudice).

6

bring a criminal complaint against another individual"). Decisions to prosecute and what charges to file are generally in the prosecutor's sole discretion. *United States v. Batchelder*, 442 U.S. 114, 124 (1979). That is, only the government has the authority to decide if criminal charges should be filed against an individual. *Bailey v. Robinson*, 2009 WL 1034890, at *3 (W.D. Wash. Apr. 15, 2009).

Jaentsch's claims raised under HRS §§ 708-810 to 708-814 are DISMISSED with prejudice.

## C. Claims Against Puha[5]

Jaentsch again fails to show that Puha was acting under color of state law when she allegedly entered his home and removed items. He does not allege that she worked for the State or is otherwise connected to DHS employees Taguchi and Suzuki. As Judge Gillmor explained twice in No. 1:18-cv-00073, courts "start with the presumption that private conduct does not constitute governmental action." *See id.*, Order, ECF No. 5, PageID #36-37 (citing *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); Order, ECF No. 11, PageID

---

[5] On Nov. 15, 2017, Jaentsch was convicted of Abuse of Family or Household Members in the Presence of a Household Member Less than 14 years of Age, in violation of HRS § 706-906(1) and (9). *See State v. Jaentsch*, 1FC161000066 (1st Cir. Haw. 2016), available at: http://www.courts.state.hi.us/legal_references/records/jims. ; *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); Fed. R. Evid. 201(b). The complaining witness against Jaentsch was Pattie-Ann Puha Jaentsch.

#105-06 (dismissing claims against Puha). A private party may, under limited circumstances, act under color of state law when "[she] is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

Private action may qualify as state action when there is a: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). The fundamental consideration, however, is whether the private conduct is fairly attributable to the state. *Id.* at 1096. A plaintiff bears the burden of establishing that a particular defendant is a state actor under any applicable test. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Jaentsch has now had three opportunities to allege facts showing that Puha acted under color of state law when she allegedly entered his property without his permission and removed items. He still alleges nothing that shows Puha acted jointly with Taguchi or Suzuki, or that "the state has so far insinuated itself into a position of interdependence with [Puha] that it must be recognized as a joint participant in the challenged activity." *Florer*, 639 F.3d at 926. Jaentsch does not allege that the state knowingly derived benefit "from [Puha's] unconstitutional

behavior," or that Taguchi or Suzuki condoned, directed, or participated in Puha's alleged illegal conduct. *Id.* at 926.

The Court cannot reasonably infer that Puha acted in concert with the State so as to be considered a state actor. Because Jaentsch has had three opportunities to allege facts showing that Puha acted under color of state law and has failed, Count I is DISMISSED with prejudice and claims against Puha are terminated.

**D.    Equal Protection Claims are Dismissed**

Jaentsch alleges Taguchi and Suzuki violated his rights under the Equal Protection Clause of the Fourteenth Amendment, although he alleges no facts in support of this claim. *See* Compl., ECF No. 1, PageID #6-7. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of laws." U.S. Const. amend XIV, § 1. A plaintiff can state an equal protection claim in one of two ways. First, he can allege that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)).

Second, if there is no allegation that plaintiff is a member of a protected class, he can establish an equal protection "class of one" by alleging that he "has

been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

As in No. 1:18-cv-00073, Jaentsch does not allege that he is a member of a protected class or that Taguchi and Suzuki treated him differently than other similarly situated individuals, and that there was no rational basis for their actions. Jaentsch again fails to state a colorable claim for a violation of the Equal Protection Clause. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although . . . [the court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation.") (citations omitted)).

Because Jaentsch has had three opportunities to state a claim under the Equal Protection Clause of the Fourteenth Amendment and is still unable to do so, this claim is DISMISSED with prejudice.

### E. Fourth Amendment

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The 'basic purpose of this Amendment,' . . .

'is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.'" *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting *Camara v. Municipal Court of City and Cty. of San Francisco*, 387 U.S. 523, 528 (1967)). It is well-established that "the Fourth Amendment generally prohibits the warrantless entry of a person's home, whether to make an arrest or to search for specific objects." *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). "The prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose property is searched or from a third party who possesses common authority over the premises." *Id.* (citation omitted). The question whether consent to search is voluntary — as distinct from being the product of duress or coercion, express or implied — is one "of fact to be determined from the totality of all the circumstances." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973).

Jaentsch alleges that Taguchi entered his property with Puha's express consent. He provides insufficient facts for the Court to plausibly infer that this violated the Fourth Amendment. Public records in Jaentsch's criminal case show that Puha, also known as Pattie-Ann Jaentsch, was proven to be a "family or household member," at least as of the date that Jaentsch was arrested. *See State v. Jaentsch*, 1FC161000066. This strongly suggests that she had the authority to

allow Taguchi onto the property.  Additionally, accepting that Taguchi did not have Jaentsch's  permission, based on the nature of the charges against him it is possible that she had judicial authority to check on the welfare of the child referred to in his criminal charges and conviction.  Jaentsch does not allege sufficient facts to show that Taguchi lacked permission to enter his property, either through and individual with authority to grant permission or through a judicial order.   Nor does Jaentsch describe what occurred when Taguchi entered his property, that is, what she may have searched or seized.

As written, Jaentsch's Fourth Amendment claim is nothing more than a conclusory, "[t]hreadbare recital[] of the elements of a cause of action," that merely hints at the "possibility of misconduct." *Iqbal*, 556 U.S. at 678.   The Court cannot plausibly infer that a violation occurred based oh his "unadorned, the defendant-unlawfully-harmed me accusation." *Id.*  Jaentsch fails to state colorable Fourth Amendment claims against Taguchi or Suzuki, and Counts II and III are DISMISSED with leave granted to amend.

## IV.  <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED for Jaentsch's failure to state a colorable claim for relief.  Jaentsch may file an amended complaint on or before March 21, 2019, that cures the deficiencies in those claims dismissed herein without

prejudice. Jaentsch may not expand his claims beyond those already alleged or add new claims or Defendants without an explanation regarding how those new claims or Defendants relate to the claims alleged in the original Complaint.

If he elects to file an amended complaint, Jaentsch must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

If Jaentsch fails to timely file an amended complaint, or is unable to cure the deficiencies in his claims, this action may be dismissed and counted as a "strike" under 28 U.S.C. § 1915(g) without further notice.[6]

---

[6]28 U.S.C. § 1915 (g) states:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

## V. CONCLUSION

(1) The Complaint is DISMISSED with limited leave granted to amend as detailed above. Specifically, claims alleged: against Pattie Ann K. Puha in her entirety; for injunctive relief and against Raquel Taguchi and Yumi Suzuki in their official capacities for damages; under Hawaii Revised Statutes §§ 708-810 to 708-814; and under the Equal Protection Clause of the Fourteenth Amendment are DISMISSED WITH PREJUDICE.

Claims alleged against Taguchi and Suzuki in Counts II and III under the Fourth Amendment are DISMISSED with leave granted to amend.

(2) Jaentsch may file an amended pleading that cures the deficiencies in claims dismissed without prejudice on or before March 21, 2019. The Clerk is DIRECTED to send Jaentsch a prisoner civil rights complaint form so that he may comply with this Order if he elects to file an amended pleading.

(3) If Jaentsch fails to timely amend his pleadings, or fails to cure the noted deficiencies in his claims dismissed without prejudice, this suit may be AUTOMATICALLY DISMISSED without further notice and he may incur a strike under 28 U.S.C. § 1915(g).

---

of serious physical injury.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, February 19, 2019.



Jill A. Otake
United States District Judge

*Jaentsch v. Puha, et al.*, No. 1:19-cv-00034 JAO-KJM; PSA Scrng '19